Michael J. McCue (NV Bar No. 6055)
Jonathan W. Fountain (NV Bar No. 10351)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Tele: (702) 949‑8200
Fax: (702) 949‑8363
MMcCue@LRRC.com
JFountain@LRRC.com

*Attorneys for Plaintiff*
*Aker BioMarine Antarctic, AS*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AKER BIOMARINE ANTARCTIC, AS, | Civil Action No.: 2:16-cv-02314 |
| Plaintiff, | **COMPLAINT** |
| v. | **(JURY DEMAND)** |
| LUHUA BIOMARINE (SHANDONG) CO., LTD., and INIFINITI MARKETING GROUP, INC. d/b/a INFINITI NUTRACEUTICALS, | |
| Defendant. | |

Plaintiff Aker BioMarine Antarctic, AS ("Aker BioMarine") files this complaint against Luhua BioMarine (Shandong) Co., LTD. ("Luhua") and Infiniti Marketing Group, Inc. d/b/a Infiniti Nutraceuticals ("Infiniti") (collectively, "Defendants"), alleging on its own knowledge and on information and belief as follows:

**PARTIES**

1. Aker BioMarine Antarctic AS is a Norwegian corporation with its principal place of business at Oksenøyveien 10, P.O. Box 496. N-1327 Lysaker, Norway.  Aker BioMarine is a pioneer and leader in the krill oil nutraceutical industry and sells krill oil in bulk and in capsule form throughout the United States including in this judicial district.

2. Upon information and belief, Luhua is a Chinese corporation that is owned, at least in part, by the Chinese government and is located at 17 Quancheng Road Jinan, Shandong 250011, China.  Luhua manufactures krill oil both in bulk and capsule form.

3. Upon information and belief, Infiniti is a United States corporation, with its principal place of business at 92 Argonaut, Suite 255, Aliso Viejo, CA 92656. Infiniti is a distributor of "nutraceutical" products, including, among other things, krill oil products.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Nevada Long Arm Statute due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, including distributing infringing products within the jurisdiction, presenting their infringing products at the Supply Side West trade show in Las Vegas, Nevada, and engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Nevada and in this District.

7. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b). Upon information and belief, Defendants have transacted business in this District and have committed acts of patent infringement in this District.

## AKER BIOMARINE'S PATENT

8. On April 26, 2016, United States Patent No. 9,320,765 ("the '765 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Bioeffective Krill Oil Compositions." A copy of the '765 patent is attached hereto as Exhibit A.

9. Aker BioMarine is the owner by assignment of the '765 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '765 patent against infringers, and to collect damages for all relevant times.

10. By way of a general description, the '765 discloses new krill oil compositions characterized by having high amounts of phospholipids, astaxanthin esters and/or omega-3

contents.

## LUHUA'S INFRINGING PRODUCTS

11. Upon information and belief, Luhua is in the business of developing, manufacturing and selling krill oil products, both in bulk and capsule form.

12. Upon information and belief, Luhua has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale certain krill oil products, including at least the following: ICERUBY Krill Oil and ICERUBY Krill Oil Capsules ("the accused products").

13. The accused products practice each and every limitation of at least one claim of the '765 patent.

14. Upon information and belief, Luhua is knowingly and willfully directly infringing the '765 patent by offering to sell and selling the accused products in the United States, including within this judicial district.

## INFINITI'S INFRINGING CONDUCT

15. Upon information and belief, Infiniti is in the business of importing, distributing, and selling, among other things, krill oil products, both in bulk and capsule form, through the United States.

16. Upon information and belief, Infiniti has imported, distributed, and sold certain krill oil products, including at least the "the accused products."

17. The accused products practice each and every limitation of at least one claim of the '765 patent.

18. Upon information and belief, Infiniti is knowingly and willfully directly infringing the '765 patent by importing, distributing, and selling the accused products in the United States, including within this judicial district.

## COUNT I – PATENT INFRINGEMENT OF THE '765 PATENT

### Against Luhua

19. Aker BioMarine restates and incorporates by reference paragraphs 1 through 18 as if stated fully herein.

20. In violation of 35 U.S.C. § 271, Luhua has, literally and under the doctrine of

equivalents, infringed the '765 patent and still is, literally and under the doctrine of equivalents, infringing the '765 patent, by, among other things, making, using, offering for sale, and/or selling the accused products and will continue to do so unless such infringing activities are enjoined by this Court.

21. Luhua has knowledge of the '765 patent at least as of the date when it was notified of the filing of this action.

22. Aker BioMarine will be substantially and irreparably harmed if Luhua's infringement of the '765 patent is not enjoined. Aker BioMarine does not have an adequate remedy at law.

23. Aker BioMarine is entitled to recover from Luhua the damages sustained as a result of Luhua's infringing acts.

## COUNT II – PATENT INFRINGEMENT OF THE '765 PATENT

### Against Infiniti

24. Aker BioMarine restates and incorporates by reference paragraphs 1 through 18 as if stated fully herein.

25. In violation of 35 U.S.C. § 271, Infiniti has, literally and under the doctrine of equivalents, infringed the '765 patent and still is, literally and under the doctrine of equivalents, infringing the '765 patent, by distributing, offering for sale and/or selling the accused products and will continue to do so unless such infringing activities are enjoined by this Court.

26. Infiniti has knowledge of the '765 patent at least as of the date when it was notified of the filing of this action.

27. Aker BioMarine will be substantially and irreparably harmed if Infiniti's infringement of the '765 patent is not enjoined. Aker BioMarine does not have an adequate remedy at law.

28. Aker BioMarine is entitled to recover from Infiniti the damages sustained as a result of Infiniti's infringing acts.

## JURY DEMAND

Aker BioMarine hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Aker BioMarine requests that the Court find in its favor and against Defendants and that the Court grant Aker BioMarine the following relief:

a. Judgment be entered that Luhua has infringed one or more claims of the '765 patent, literally and/or under the doctrine of equivalents;

b. Judgment be entered that Infiniti has infringed one or more claims of the '765 patent, literally and/or under the doctrine of equivalents;

c. Judgment be entered that Luhua's infringement of the '765 patent was willful;

d. Judgment be entered that Infiniti's infringement of the '765 patent was willful;

e. An accounting be had for the damages resulting from Luhua's infringement of the '765 patent, including, without limitation, lost profits caused by Luhua's infringing activities and/or a reasonable royalty for the infringement, and that the damages so ascertained be trebled and awarded together with interests and costs;

f. An accounting be had for the damages resulting from Infiniti's infringement of the '765 patent, including, without limitation, lost profits caused by Infiniti's infringing activities and/or a reasonable royalty for the infringement, and that the damages so ascertained be trebled and awarded together with interests and costs;

g. Judgment be entered that this is an exceptional case, and that Aker BioMarine is entitled to its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

h. A temporary, preliminary, and permanent injunction be issued, restraining and enjoining Luhua and its respective officers, directors, agents, servants, affiliates, employees, distributors, divisions, branches, subsidiaries, parents, and all others acting in privity or in concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of products infringing the '765 patent;

i. A temporary, preliminary, and permanent injunction be issued, restraining and enjoining Infiniti and its respective officers, directors, agents, servants, affiliates, employees, distributors, divisions, branches, subsidiaries, parents, and all others acting in privity or in

1  concert with them, from engaging in the distribution within the United States of products
2  infringing the '765 patent; and
3    j. The Court award such other and further relief as the Court may deem just and
4  proper under the circumstances.

Dated:  October 3, 2016     Respectfully submitted,

                LEWIS ROCA
                ROTHGERBER CHRISTIE LLP


                By:  /s/  Michael J. McCue
                Michael J. McCue
                Jonathan W. Fountain
                3993 Howard Hughes Parkway, Suite 600
                Las Vegas, NV 89169
                702.949.8200 office
                702.949.8363 fax
                mmccue@lrrc.com
                jfountain@lrrc.com

                Frank C. Cimino
                FCCimino@venable.com
                Andrew F. Pratt
                AFPratt@venable.com
                Christopher S. Crook
                CSCrook@venable.com
                VENABLE LLP
                575 7th Street, NW
                Washington, D.C. 20004
                Telephone: (202) 344-4389
                Facsimile: (202) 344-8300

                *Counsel for Plaintiff Aker BioMarine LLC*