Michael J. McCue
Nevada Bar No. 6055
Jonathan W. Fountain
Nevada Bar No. 10351
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Tele: (702) 949–8200
MMcCue@LRRC.com
JFountain@LRRC.com

*Attorneys for Plaintiff*
*Aker BioMarine Antarctic, AS*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AKER BIOMARINE ANTARCTIC, AS,<br><br>Plaintiff,<br>v.<br><br>LUHUA BIOMARINE (SHANDONG) CO., LTD., and INIFINITI MARKETING GROUP, INC. d/b/a INFINITI NUTRACEUTICALS,<br><br>Defendants. | Civil Action No.: 2:16-cv-02314<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Aker BioMarine ("Aker") has moved the Court *ex parte* for an Emergency Temporary Restraining Order, Seizure Order, and Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Patent Act (35 U.S.C. § 283), and Local Rule 7-5.

Aker alleges that Defendants Luhua Biomarine (Sandong) Co., Ltd. ("Luhua") and Infiniti Marketing Group, Inc. d/b/a Infiniti Nutraceuticals ("Infiniti") (collectively, "Defendants") have manufactured abroad, imported into this District, and distributed krill oil products sold under the name "ICERUBY™ Krill Oil" that infringe Aker's asserted patent, and have offered and/or will offer or distribute such products for sale in this District during the SupplySide West trade show in Las Vegas, Nevada during the period October 4 through 8, 2016.

Aker seeks a temporary restraining order to enjoin the sale of those products, as well as an order permitting Aker to seize infringing products as well as related evidence of such infringing activity, including records of infringing product sales.



Lewis Roca ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

**FINDINGS AND CONCLUSIONS**

The Court, having duly considered Aker's Complaint, emergency motion, and the declarations and exhibits submitted therewith, hereby makes the following findings and conclusions:

1. An order other than an *ex parte* seizure order would not be adequate to achieve the purposes of 35 U.S.C. § 271 because: (a) Luhua is a China-based manufacturer of krill oil; (b) with the exception of its temporary presence in Las Vegas, Nevada, during the SupplySide West trade show from October 4 through 8, 2016, Luhua does not have any known regular place of business or assets in the United States; and (c) there is a significant risk that Defendants will remove from the jurisdiction any evidence of its infringement (including documents in paper and electronic form) if an *ex parte* seizure order is not granted.

2. Aker has not publicized its application for an *ex parte* temporary restraining and seizure order.

3. Aker is likely to succeed on the merits of its patent infringement claim under 35 U.S.C. § 271. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,320,765 ("the '765 patent") for krill oil compositions with particular quantities of phospholipids, astaxanthin esters and/or omega-3 fatty acids. Aker is the lawful and sole owner of the '765 patent by assignment and owns all rights, title and interest in that patent, including all rights needed to bring this action for patent infringement.

4. Luhua has manufactured, imported into the United States, and is currently offering for sale, krill oil products that infringe the '765 patent at the SupplySide West trade show in Las Vegas, Nevada, which runs from October 4 through 8, 2016.

5. Infiniti has imported into the United States, sold, and distributed krill oil products that infringe the '765 patent, and is currently offering these products for sale at the SupplySide West trade show in Las Vegas, Nevada, which runs from October 4 through 8, 2016.

6. Absent an *ex parte* temporary restraining order and a seizure order, Defendants' manufacture, use, sales, offers to sell, and/or importation into the United States of its infringing

Lewis Roca ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

krill oil products will result in immediate and irreparable injury to Aker in the form of: (a) lost krill oil revenue; (b) lost market share; (c) price erosion, and (d) harm to Aker's reputation and goodwill. Further, because Luhua has no presence in the United States, it may be difficult or impossible for Aker to enforce a money judgment against Luhua.

7. The evidence of Luhua's unlawful conduct are or may be in Luhua's possession at the SupplySide West trade show and would likely be destroyed, moved, hidden, taken outside of the United States, or otherwise made inaccessible to Aker if Luhua was to receive notice of Aker's application for a seizure order or temporary restraining order in advance of service of this Order.

8. The harm to Aker in denying the requested temporary restraining order and seizure order outweighs the harm to the legitimate interests of Defendants from granting Aker such relief.

9. The public interest weighs in favor of granting Aker the requested temporary restraining order and seizure order.

10. Aker is prepared to deposit $50,000 with the Clerk of the Court as security for payment of any damages Defendants may be entitled to recover as a result of a wrongful seizure or a wrongful attempted seizure.

**TEMPORARY RESTRAINING ORDER**

**IT IS HEREBY ORDERED** that, pending a decision by the Court on Aker's application for a preliminary injunction, Defendants, as well as their officers, agents, servants, employees, confederates, distributors, and attorneys, (the "Restrained Parties") are hereby temporarily enjoined and restrained from:

a. Manufacturing, using, selling, offering to sell, or importing into the United States, krill oil products that infringe the '765 patent, including, without limitation, by distributing to, offering to sell or by selling such products at the SupplySide West trade show in Las Vegas, Nevada during the period of October 4 through 8, 2016; and

b. Transferring, moving, destroying, or otherwise disposing of: (i) any of Luhua's accused krill oil products; or (ii) any evidence of Defendants' unlawful activities, including,

Lewis Roca ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

without limitation, any documents in any form or format and any portable media or device (such as CDs, DVDs, flash drives, cell phones, PDAs, hard disk drives, laptop computers, memory cards, etc.), relating to the infringement of the ’765 patent, except in accordance with the below Seizure Order (collectively, “Evidence”).

**IT IS HEREBY FURTHER ORDERED**, that upon two (2) business days’ written notice to the Court and Aker’s counsel, or as otherwise permitted by leave of Court, Defendants may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order.

## SEIZURE ORDER

**IT IS HEREBY ORDERED** that Evidence (as defined above but for clarity including laptops and media that electronically stores documents or any information concerning Defendants’ accused krill oil products) shall be seized by the United States Marshals Service assisted by one or more attorneys or representatives of Aker, at the respective booths rented or occupied by Defendants at the SupplySide West trade show in Las Vegas, Nevada during the period of October 4 through 8, 2016.

The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, brief cases, and containers of any type or nature to locate and identify Evidence to be seized. Attorneys and other representatives of Aker shall accompany the United States Marshals Service during the seizure to identify the Evidence to be seized. Aker’s counsel shall itemize and take possession of the seized Evidence, provide a copy of the inventory to the United States Marshals Service assisting with the seizure, and file the inventory with the Court. In addition, Aker’s counsel may record the contents of Defendants’ booths and Evidence by photographic, audio, and/or videographic means during the seizure action. The United States Marshals Service shall not retain custody of seized Evidence but shall ensure that they are placed in the custody of Aker’s counsel. Aker agrees to indemnify the United States Marshals Service (including all of its employees, contractors, or agents) who may assist with the seizure and shall hold them harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Lewis Roca ROTHGERBER CHRISTIE

**IT IS HEREBY FURTHER ORDERED** that Defendants shall provide any passwords necessary to access any electronically stored documents or electronic devices.

**IT IS HEREBY FURTHER ORDERED**, that the Summons, Complaint, Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining and Seizure Order and for Preliminary Injunction, and all accompanying exhibits, declarations, and papers must be served upon Defendants if found, at the time of the seizure, and by other means reasonably calculated to give Defendants reasonable notice of this action, which shall include email and Federal Express.

**IT IS HEREBY FURTHER ORDERED,** that Aker shall deposit with the Clerk of the Court the amount of FIFTY THOUSAND UNITED STATES DOLLARS ($50,000) to serve as sufficient security for the payment of any damages Defendants may be entitled to recover as a result of a wrongful seizure or a wrongful attempted seizure. To the extent Defendants believe that additional security is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Defendants shall so move the Court and shall provide notice to Aker's counsel of such motion.

**IT IS HEREBY FURTHER ORDERED,** that a preliminary injunction hearing is set for ______________________________ in Courtroom ____, before the Honorable ________________________________.

Defendants shall file and serve any opposition to Aker's motion for a preliminary injunction on or before _______________, 2016; and

Aker shall file and serve any reply in support of its motion for a preliminary injunction on or before _______________, 2016.

_________________________________
**UNITED STATES DISTRICT JUDGE**

Entered ________________, at ________.

Lewis Roca ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996